

**NUMBER 13-07-00620-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**PATRICK EARL BOURGEOIS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 252nd District Court of Jefferson County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Justice Garza**

Appellant, Patrick Earl Bourgeois, was charged by indictment with burglary of a building other than a habitation, a state jail felony. *See* TEX. PENAL CODE ANN. § 30.02(a), (c)(1) (Vernon 2003). Pursuant to a plea agreement with the State, appellant pleaded guilty to the offense. In accordance with the plea agreement, the trial court deferred any finding of guilt, placed appellant on probation for four years, and assessed a $1,000 fine. On September 7, 2007, the trial court: (1) revoked appellant's probation in response to the

State's motion to revoke probation and appellant's admission that he violated a condition of his probation; and (2) found appellant guilty of burglary of a building other than a habitation.[1]  The trial court subsequently sentenced appellant to two years' confinement in the state jail and assessed $500.00 in restitution.  *See id.* § 12.35(a) (Vernon Supp. 2007) (stating that "an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days . . . .").  Appellant now appeals the judgment of the trial court.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Bourgeois's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yields "no reversible error committed by the trial court and no arguable issues."  Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal.  *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.  Counsel noted that appellant was properly admonished at the time of the plea and counsel has not indicated that appellant entered into the plea involuntarily.  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief on

---

[1] Appellant entered a plea of "True" to violating his probation by "failing to provide verification of attending and successfully completing the SAFPF [Substance Abuse Felony Punishment Facility] program."

2

appellant, and (3) informed appellant of his right to review the record and to file a pro se brief. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. On October 29, 2007, appellant's counsel filed a motion for extension of time to allow appellant time to file a pro se brief with this Court if he so desired. We granted the motion and set the deadline for November 25, 2007. Subsequently, appellant filed a pro se motion for extension of time to file his pro se brief. Specifically, appellant requested the deadline be moved to December 25, 2007. We granted appellant's motion for extension. The deadline has passed and appellant has not filed a pro se brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744. We grant his motion to withdraw. We further order counsel to notify appellant of the disposition of this appeal

3

and the availability of discretionary review.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.

Crim. App. 1997) (per curiam).

 

_____

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 22nd day of May, 2008.